UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DEREK MONDELLO,

                                                                                     Civil Case No.: 18-CV-5338
                                                                                     **PLAINTIFF DEMANDS**
                                  Plaintiff,                             **A TRIAL BY JURY**

           -*against*-                                                <u>**COMPLAINT**</u>

TOWN SPORTS INTERNATIONAL HOLDINGS INC.,
individually and D/B/A/ TMPL GYM,
TMPL HOLDINGS LLC,
99th AVENUE HOLDINGS, LLC,
individually and D/B/A TMPL GYM,
DAVID BARTON, individually,
RYAN STURTZ, individually,
JUAN MORRERO, individually,

                                                        Defendants.
-------------------------------------------------------x

Plaintiff, DEREK MONDELLO, by and through his attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendants, TOWN SPORTS INTERNATIONAL HOLDINGS INC., individually and D/B/A/ TMPL GYM, TMPL HOLDINGS LLC, 99th AVENUE HOLDINGS, LLC, individually and D/B/A TMPL GYM, (hereinafter referred to collectively as "TMPL DEFENDANTS"), DAVID BARTON, individually (hereinafter referred to as "BARTON"), RYAN STURTZ, individually (hereinafter referred to as "STURTZ"), JUAN MORRERO, individually (hereinafter referred to as "MORRERO"), and collectively referred to as "Defendants" upon information and belief, as follows:

## NATURE OF CASE

Plaintiff, DEREK MONDELLO, complains pursuant to Title VII of the Civil Rights Act

1

of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), the Administrative Code of the City of New York and the laws of the State of New York, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. §1367 seeking declaratory relief and damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*, sex discrimination, gender discrimination, sexual orientation discrimination, sexual harassment, hostile work environment, retaliation and wrongful termination, by Defendants.

**JURISDICTION AND VENUE**

1. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

2. Additionally, the Court has supplemental jurisdiction under the State and City laws of New York.

3. Around June 9, 2017, Plaintiff DEREK MONDELLO submitted a Charge of Discrimination to the U.S. Equal Employment Opportunity Commission ("EEOC"). The federal charge number is 520-2017-02634.

4. Around May 2, 2018, Plaintiff DEREK MONDELLO received a Right to Sue Letter from the EEOC for his federal charge number 520-2017-02634.

5. As such, Plaintiff satisfied all administrative prerequisites and is timely filing this case within ninety (90) days of receiving his Right to Sue letter.

6. Venue is proper in this court, as the events giving rise to this action arose in New York

County, within the Southern District of New York.

## PARTIES

7. Plaintiff MONDELLO is an individual homosexual male who is a resident of the State of New York, County of Kings.

8. At all times material, Defendant TOWN SPORTS INTERNATIONAL HOLDINGS INC., INDIVIDUALLY AND D/B/A/ TMPL GYM was and is a business corporation that does business in the State of New York.

9. At all times material, Defendant TMPL HOLDINGS LLC was and is a domestic limited liability company, duly existing by the virtue of the laws of the State of New York, that does business in the State of New York.

10. At all times material, Defendant 99th AVENUE HOLDINGS, LLC, individually and D/B/A TMPL GYM was and is a limited liability company that does business in the State of New York.

11. At all times material, Plaintiff DEREK MONDELLO was employed jointly and severally by Defendants TOWN SPORTS INTERNATIONAL HOLDINGS INC., INDIVIDUALLY AND D/B/A/ TMPL GYM and TMPL HOLDINGS LLC, AND 99th AVENUE HOLDINGS, LLC, individually and D/B/A TMPL GYM (collectively "TMPL DEFENDANTS").

12. At all times material, DAVID BARTON (hereinafter referred to as "BARTON") is the owner/Chief Executive Officer for TMPL DEFENDANTS, and held supervisory authority over Plaintiff with regard to his employment.

13. At all times material, JUAN MORRERO (hereinafter referred to as "MORRERO") was and is the Operations Manager for TMPL DEFENDANTS and held supervisory authority over

Plaintiff with regard to his employment.

14. At all times material, RYAN STURTZ (hereinafter referred to as "STURTZ") was and is the senior membership advisor for TMPL DEFENDANTS and held supervisory authority over Plaintiff with regard to his employment.

## MATERIAL FACTS

15. TMPL DEFENDANTS operates a gym facility known as TMPL Gym Located at 355 West 49th St. New York, New York 10019.

16. Around January of 2017, Plaintiff was hired by TMPL DEFENDANTS as a membership advisor. At the time, Plaintiff's responsibilities included the renewal of memberships for the gym's current customers, to generate income for the club by selling memberships to new customers and to make professional fitness prescriptions for various health problems for customers coming in to the club.

17. Around February of 2017, Defendants began a campaign of discriminating directed at Plaintiff on the basis of his sex, gender and sexual orientation. On a daily basis Defendants made various remarks and comments directed at Plaintiff, including referring to Plaintiff as "*diva*," "*girl*," "*woman*," "*queen*," "*her*," "*she*," and telling Plaintiff "*your voice is too squeaky*, " and you should "*butch it up*." These comments made Plaintiff distinctly uncomfortable and disturbed because of his sex, gender and sexual orientation.

18. Around March 13, 2017, Plaintiff approached Defendant MORERRO about a facilities issues raised by a member. Defendant MORERRO said to Plaintiff, "I don't need you in here *princess*, what do you want?" On another occasion Defendant MORERRO said to Plaintiff, "don't sit there, *queen*."

19. Around March 1, 2017, Plaintiff was using the restroom when a member needed to renew some Personal training sessions. Although this is a task that Defendant MORERRO or the Front desk associate working at the time could have completed, the front desk associate Kevin came to the stall in the bathroom that Plaintiff was occupying and banged on the door screaming "Derek? Oh Derek? Someone needs to buy more personal training sessions can you hurry the fuck up." Plaintiff rushed out of the restroom to complete the task. Defendant MORERRO then came into Plaintiff's office and said, *"Where were you? Getting fucked in the bathroom?"*

20. On one occasion Plaintiff was wearing a black hooded sweater from H&M and Defendant STURTZ said to Plaintiff, "where did you get that, forever 21" (a popular women's clothing store).

21. On a number of occasions, Defendants MORERRO and STURTZ made comments about Plaintiff's clothing, including, "*nice dress*" and "*where did you get that? The women's section? Isn't Lauren wearing that right now*?"

22. On one occasion Defendant MORERRO said to Plaintiff, "*See I can't pull that off, because I'm not a woman.*"

23. Throughout Plaintiff's employment, Defendant BARTON constantly referred to Defendant STURTZ as Plaintiff's boyfriend, despite the fact that STURTZ is heterosexual and had not relationship with Plaintiff. On a daily basis, Defendant BARTON would ask Plaintiff, "*Where's your boyfriend*?" "*Have you seen your boyfriend*?" "*Is your boyfriend coming to team workout*?"

24. Throughout his employment Plaintiff constantly complained about the discrimination and requested that it cease, but to no avail.

25. Defendants also treated Plaintiff differently from his similarly situated heterosexual counterparts, excluding him from commission and bonus opportunities that were rightfully his, excluding him from group workouts with the entire rest of the staff, and forcing him to work 7 days a week without a day off, when the rest of the staff received a day off.

26. Around March 10, 2017, Defendant STURTZ asked Plaintiff, "***Why do you look like you have aids all the time?***"  Plaintiff was extremely disturbed by Defendant STURTZ's comments.

27. Around March 13, 2017, Plaintiff received a phone call from Defendant STURTZ who was at the front desk.  The call was on speaker and there where many clients in the lounge area, coming down the hallway and making their way into the gym.  Defendant STURTZ screamed at Plaintiff, "***Ha Ha, You're Gay***!" on the phone and hung up.  Everyone who was around Defendant STURTZ and heard his comments laughed.  Plaintiff was extremely disturbed by this blatant sex, gender and sexual orientation discrimination.

28. Around March 20, 2017, Defendant STURTZ yelled at Plaintiff, "If I ever see you outside of here, I'm going to knock you the fuck out, ***you fucking faggot***."

29. Plaintiff continuously complained to the Defendants of the egregious sex, gender and sexual orientation discrimination, but no corrective action was ever taken.

30. Around March 22, 2017, Plaintiff was wrongfully terminated because of his sex, gender and sexual orientation, and in retaliation for having complained about sex, gender and sexual orientation discrimination and sexual harassment.

31. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

32. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and

continues to suffer severe emotional distress and physical ailments.

33. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails.  Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

34. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendants.

35. The above are just some examples of some of the unlawful discrimination and retaliation to which Defendants subjected Plaintiff.

36. Defendants' actions constituted a continuing violation of the applicable federal, state and city laws.

37. Plaintiff hereby demands reinstatement to his original position.

<b><u>AS A FIRST CAUSE OF ACTION<br>
FOR DISCRIMINATION UNDER TITLE VII<br>
(Not Against Individual Defendants)</u></b>

38. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

39. Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a) Employer practices, It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

40. TMPL DEFENDANTS engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by allowing sex discrimination, gender discrimination, sexual orientation discrimination and a hostile work environment.

### AS A SECOND CAUSE OF ACTION
### FOR RETALIATION UNDER TITLE VII
### (Not Against Individual Defendants)

41. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

42. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

    "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

43. TMPL DEFENDANTS engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful employment practices of Defendants.

### AS A THIRD CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### NEW YORK STATE LAW
### (Against All Defendants)

45. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

46. Executive Law §296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

47. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his sex, gender and sexual orientation.

48. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law § 296.

### AS A FOURTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### NEW YORK STATE LAW
### (Against All Defendants)

49. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

50. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

51. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

**AS A FIFTH CAUSE OF ACTION
FOR RETALIATION UNDER
NEW YORK STATE LAW
(Against All Defendants)**

52. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

53. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

54. Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against the Plaintiff.

**AS A SIXTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(Against All Defendants)**

55. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

56. The Administrative Code of City of NY §8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of   any  person,  to  refuse  to  hire  or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

57. Defendants engaged in an unlawful discriminatory practice in violation of New York City

Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against Plaintiff because of his sex, gender and sexual orientation.

58. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

**AS A SEVENTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(Against All Defendants)**

59. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

60. The New York City Administrative Code Tide 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . , to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

61. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against Plaintiff because of his opposition to the unlawful employment practices of Plaintiffs' employer.

**AS AN EIGHTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(Against All Defendants)**

62. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as is fully set forth at length.

63. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful

11

discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

64. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

**AS A NINTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(Against All Defendants)**

65. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

66. Section 8-107(19), entitled Interference With Protected Rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

67. Defendants violated the above section as set forth herein.

**AS A TENTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(Against All Defendants)**

68. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as is fully set forth at length.

69. Section 8-107(13) entitled Employer Liability For Discriminatory Conduct By Employee,

agent or independent contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

70. Defendants violated the above section as set forth herein.

71. As a result of defendant's acts, Plaintiff has been damaged in an amount to be determined at the time of trial.

**WHEREFORE**, Plaintiff demands judgment against all Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried.

Dated: New York, New York
       June 13, 2018

DEREK SMITH LAW GROUP, PLLC
*Attorneys for Plaintiff*

By: _____
   Abraham Z. Melamed, Esq.
   1 Penn Plaza, Suite 4905
   New York, New York 10119
   (212) 587-0760